Eastern District of Kentucky
FILED
JAN - 8 2018
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | |
|---|---|
| JUAN JOSE HIDALGO, ) | |
| ) | |
| Petitioner, ) | Civil No. 17-133-HRW |
| ) | |
| V. ) | |
| ) | |
| JORGE CASTANEDA, Warden, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent, ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate Juan Jose Hidalgo has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1] This matter is before the Court to conduct an initial screening of Hidalgo's petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In July 2008, a jury in El Paso, Texas found Hidalgo guilty of various drug and money laundering charges for his role in a large drug trafficking ring. Prior to trial, the government filed a notice pursuant to 21 U.S.C. § 851 which indicated that Hidalgo had one prior conviction for drug possession. Because Hidalgo's federal conviction under 21 U.S.C. § 841(a) came "after a prior conviction for a felony drug offense has become final," his mandatory minimum sentence increased from ten to twenty years imprisonment. 21 U.S.C. § 841(b)(1)(A). However, even without the application of that provision, Hidalgo had an Offense Level of 38 and a Criminal

1

History Category of II, resulting in a discretionary guidelines range of 262 to 327 months imprisonment [D. E. No. 1 at 17-19], more than the 20-year minimum.

During the sentencing hearing held in October 2008, a two-level adjustment to the guidelines range was made for use of a special skill, but no career offender enhancement was applied under U.S.S.G. § 4B1.1(a). The resulting guidelines range was 324 to 405 months imprisonment. The trial court then departed from the guidelines and imposed a 288-month sentence, well *below* the applicable guidelines range. *United States v. Hidalgo*, No. 3: 07-CR-1624-PRM-17 (W.D. Tex. 2007).

The Fifth Circuit rejected Hidalgo's challenges to both his convictions and sentence on direct appeal. *U.S. v. Hidalgo*, 385 F. App'x 372 (5th Cir. 2010). In 2012, the trial court denied Hidalgo's motion for relief under 28 U.S.C. § 2255 as untimely. In March 2016, the trial court reduced Hidalgo's sentence to 262 months imprisonment pursuant to Amendment 782 of the sentencing guidelines.

In his § 2241 petition, Hidalgo contends that the enhancement of his sentence based upon his prior drug conviction was improper in light of *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276 (2013) and *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016). [D. E. No. 1 at 23-28]

As a preliminary matter, Hidalgo may not challenge his sentence in a § 2241 petition because it was imposed in 2008 after the Supreme Court's decision in *United*

States v. Booker, 543 U.S. 220 (2005) rendered the sentencing guidelines advisory rather than mandatory. *Hill v. Masters*, 836 F. 3d 591, 599-600 (6th Cir. 2016).

Hidalgo's claim is also substantively without merit. *Descamps* held that when a federal trial court determines whether to apply the career offender enhancement found in 18 U.S.C. § 924(e)(1), it may only consult *Shepard* materials when the prior conviction sought to be used as a predicate offense was committed under a divisible statute, meaning one that defines multiple offenses. *Descamps*, 133 S. Ct. at 2283-85. For its part, *Mathis* reminded courts that a statute is not divisible merely because it describes alternative factual means to commit a single offense. *Mathis*, 136 S. Ct. at 2248-50.

Both *Descamps* and *Mathis* involved enhancements under § 924(e), and their holdings are applicable to enhancements under the functionally-identical guidelines counterpart found in U.S.S.G. § 4B1.1(a). But Hidalgo's sentence was not enhanced under either of these provisions. Instead, his sentence was enhanced under the far simpler provision found in 21 U.S.C. § 841(b)(1)(A) because he had previously committed a "felony drug offense." To qualify as a "felony drug offense," no detailed comparison of elements is required. Rather, 21 U.S.C. § 802(44) merely requires that the prior state or federal offense (1) be punishable by more than one year in prison, and (2) that it "prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances."

3

By its terms, § 802(44) does not require that the prior offense constitute any particular species of crime, but only that it "relat[e] to" conduct involving drugs. Given the breadth of this definition the use of the categorical approach is neither necessary nor appropriate. See *United States v. Graham*, 622 F. 3d 445, 456-57 (6th Cir. 2010); *United States v. Spikes*, 158 F.3d 913, 932 (6th Cir. 1998) ("[Section] 802(44) only requires that the state statute criminalize conduct 'relating' to drugs. The use of the expansive term 'relating' as the only substantive limitation on the reach of the statutory phrase 'felony drug offense' clearly indicates that the statute encompasses drug offenses that involve the simple possession of drugs."), *cert. denied*, 525 U.S. 1086 (1999). The more complex analysis involved in cases governed by *Descamps* and *Mathis* is simply not relevant to Hidalgo's circumstances.

For each of these reasons, Hidalgo's petition fails to establish any basis for habeas relief. Cf. *United States v. Smith*, No. 1:12-CR-88-1, 2017 WL 3528954, at *5-6 (W.D. La. July 11, 2017) (rejecting the exact argument pressed here and correctly noting that "[t]he categorical approach in *Moncrieffe* and *Taylor* has never been applied to the enhanced penalty provisions of § 841(b)(1)(A) and has never been used to interpret the phrase 'felony drug offense' in 21 U.S.C. § 802(44).") (citing *United States v. Wing*, No. 5:13-CR-87-JMH, 2016 WL 3676333, at *2 (E.D. Ky. 2016)).

Accordingly, it is **ORDERED** as follows:

1. Hidalgo's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **DISMISSED** and **STRICKEN** from the docket.

This 8th day of January, 2018.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge